UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARWAN GELAN, | ) |
| | ) |
|     Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | )    No. 3:23-CV-76-DCP |
| | ) |
| ALYSSA MIRANDA, | ) |
| | ) |
|     Defendant/Counter-Plaintiff. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 21].

Now before the Court is Defendant's Motion to Deem Requests for Admissions as Admitted [Doc. 47]. Plaintiff responded in opposition to this motion [Doc. 50], and Defendant did not file a reply. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** the motion [**Doc. 47**].

### I.    BACKGROUND

According to Defendant, Plaintiff alleges that as a result of the underlying incident, he is no longer able to work [Doc. 47 p 2]. During Plaintiff's deposition, he testified that five months after the accident, in December 2022, he underwent his commercial driver fitness examination [*Id.* (citation omitted)]. Defendant submits that Plaintiff's commercial driver fitness examination shows that he "is physically qualified to drive and operate a commercial vehicle" [*Id.* at 3]. Defendant obtained a copy of Plaintiff's commercial driver fitness examination form by Dr. Berri Zaid [*Id.*]. On February 19, 2024, Defendant served Plaintiff with Requests for Admission

("RFAs") [*Id.*]. Defendant contends that the purpose of these RFAs is "to establish the authentication and admissibility of the [P]laintiff's Commercial Driver Fitness Examination record of December 15, 2022" [*Id.*]. Specifically, the RFAs state and Plaintiff responds:

1. Admit that the attached records received from the office of Berri Ziad, M.D., 14515 Ford Road, Dearborn, Michigan 48126 are authentic records from Dr. Berri Ziad concerning a commercial driver fitness examination of Plaintiff Marwan Gelan on December 15, 2022.

    **RESPONSE: Plaintiff lacks sufficient knowledge and/or expertise to either admit or deny this request.**

2. Admit that the records of Dr. Berri Ziad which are attached as Exhibit A, were made at or near the time of the commercial driver fitness examination of and from information transmitted by a person with knowledge.

    **RESPONSE: Plaintiff lacks sufficient knowledge and/or expertise to either admit or deny this request.**

3. Admit that the records of Dr. Berri Ziad which are attached as Exhibit A, were kept in the course of a regularly conducted activity of a business, organization, occupation or calling whether or not for profit.

    **RESPONSE: Plaintiff lacks sufficient knowledge and/or expertise to either admit or deny this request.**

4. Admit that the records of Dr. Berri Ziad which are attached as Exhibit A, that the making of the record was a regular practice of that business, organization, occupation or callings activity.

    **RESPONSE: Plaintiff lacks sufficient knowledge and/or expertise to either admit or deny this request.**

5. Admit that the commercial driver fitness examination records of Dr. Berri Ziad attached as Exhibit A, includes a statement of Marwan Gelan's then existing state of mind, emotion, sensation, or physical condition on December 15, 2022.

    **RESPONSE: Denied since there are no statements that Plaintiff can observe in the subject record.**

6. Admit that the commercial driver fitness examination records attached as Exhibit A, constitute records of a regularly conducted activity as defined by Rule 803(6) of the *Federal Rules of Evidence* and therefore are an exception to the hearsay rule.

   **RESPONSE: Plaintiff lacks sufficient knowledge and/or expertise to either admit or deny this request.**

7. Admit that the commercial driver fitness examination form of Dr. Berri Ziad attached as Exhibit A, contains the signature of Plaintiff Marwan Gelan and the signature is dated December 15, 2022, certifying that the information contained above the signature was accurate and complete.

   **RESPONSE: Admitted.**

[Doc. 50-1 pp. 171–73]

Defendant moves under Rules 36 and 37 of the Federal Rules of Civil Procedure for an order finding that Plaintiff's responses to RFA Nos. 1–6 are insufficient, and therefore, should be deemed admitted [Doc. 47 p. 1]. She states that she attached the commercial driver fitness examination form to the RFAs [*Id*. at 6]. RFA No. 1, Defendant asserts, is to establish the records are authentic [*Id*.]. She argues that "[RFA] Nos. 2, 3, and 4 simply seek the admission of matters constituting an evidentiary foundation under Rules 901(11) and 803(6) of the Federal Rules of Evidence to authenticate and to establish an exception to the hearsay [r]ule" [*Id*. at 6–7 (emphasis omitted)]. Defendant states that RFA No. 6 was directed at determining the commercial driver fitness examination form presents an exception to the hearsay rule [*Id*. at 7]. Defendant contends that Plaintiff "made no attempt to make a reasonable inquiry and that information known or readily obtainable was insufficient to enable him to either admit or deny those requests" [*Id*.]. Further, Defendant argues RFA No. 5 seeks for Plaintiff to admit that the commercial driver fitness examination records of Dr. Zaid "includes a statement of [Plaintiff's] then existing state of mind, emotion, sensation[,] or physical condition on December 15, 2022" [*Id*.]. Although Plaintiff

3

denied RFA No. 5, stating that there were no statements that he can observe in the record, Plaintiff admitted that his signature is included on the commercial fitness examination form [*Id*.]. In addition to seeking that the RFAs be deemed admitted, Defendant also requests attorney's fees pursuant to Rule 37(a)(5) [*Id*. at 11].

Plaintiff responds that "Defendant is attempting to pass the burden of authenticating a commercial driver fitness examination record onto [him] through [her] Requests for Admission [she] submitted to Plaintiff" [Doc. 50 p. 5]. With respect to RFA No. 1, Plaintiff states that he cannot authenticate these because he "did not produce, [or] have control over[] . . . the office of Berri Ziad, M.D." [*Id*.]. In addition, RFA Nos. 2–4, and 6 request that Plaintiff admit Dr. Ziad's records are admissible over hearsay objections [*Id*. at 6]. But Plaintiff asserts he "is not the record custodians and cannot authenticate them" [*Id*.]. RFA No. 5, Plaintiff asserts, is improper and constitutes "an attempt to 'backdoor' admissible evidence over hearsay objections" [*Id*.]. Plaintiff states that he specifically denied RFA No. 5 [*Id*.]. In addition, he states that he "cannot admit that the information contained in Dr. Ziad's records are correct since they involve facts that are in material dispute" [*Id*. at 7]. To the extent the Court finds his responses insufficient, Plaintiff states that finding the RFAs to be admitted is a severe sanction and not warranted [*Id*. at 7–8]. He states that Defendant is also not entitled to attorney's fees [*Id*. at 9].

**II.     ANALYSIS**

Requests for admission are governed under Rule 36 of the Federal Rules of Civil Procedure. Rule 36(a)(1) states:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> > **(A)** facts, the application of law to fact, or opinions about either; and

> **(B)** the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). The responding party must answer as follows:

> **(4)** *Answer.* If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

> Rule 36 also explains motion practice relating to requests for admission:

> **(6)** *Motion Regarding the Sufficiency of an Answer or Objection.* The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a)(6). As the Sixth Circuit has explained, Rule 36 "is essentially intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy." *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009).

Plaintiff's responses to RFA Nos. 1–4, and 6 state that he "lacks sufficient knowledge and/or expertise to either admit or deny this request" [*See* Doc. 50-1 pp. 171–72]. When responding in such a manner, the Rule requires that the responding party state that he "made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny." Fed. R. Civ. P. 36(a)(4). Because Plaintiff's responses do not provide this information, they are insufficient. *Cahoo v. Fast Enters., LLC*, No. 17-10657, 2020

5

WL 4333544, at *2 (E.D. Mich. July 28, 2020) ("If the Plaintiffs had merely responded that they were unable to admit or deny a request for admission because they lacked sufficient knowledge, their responses would be facially deficient." (citation omitted)); *Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc.*, No. 5:13-CV-15-, 2015 WL 4068457, at *4 (W.D. Ky. July 2, 2015) (stating that the defendant "failed to both allege and specify how [the defendant] made a reasonable inquiry in an attempt to admit or deny the request" and therefore, the defendant "must serve amended answers"); *see also Odom v. Roberts*, 337 F.R.D. 347, 352 (N.D. Fla. 2020) ("After making a reasonable inquiry, if a party still cannot admit or deny the question posed in a request for admission, the party should state as much in its answer and provide and explanation.").

Plaintiff states that he does not have personal knowledge of these records because he did not produce them and has no control over them. However, some courts have noted that a party must "ascertain the truth" of records within his relative control, such as medical and pharmacy records. *See Bouchard v. United States*, 241 F.R.D. 72, 76–77 (D. Me. 2007). And courts have found similar requests for admission appropriate. *See* <u>Eggerling</u> *v. Advanced Bionics, LLC*, No. C11-4104, 2012 WL 13185785, at *4 (N.D. Iowa Dec. 28, 2012) (finding that the requests for admissions that ask the defendant "to admit certain documents as business records 'within the meaning of Federal Rules of Evidence 803(6)'" were appropriate because they "pertain[ed] to 'the application of law to fact'"); *Lockheed Martin Corp. v. L-3 Communs. Corp.*, No. 1:05-CV-902, 2007 U.S. Dist. LEXIS 101872, at *4 (N.D. Ga. Oct. 10, 2007) (interpreting Rules 26 and 36 to authorize requests to admit that certain documents qualify as business records, reasoning such requests further the purpose of Rule 36 to facilitate proof at trial). But even if Plaintiff lacks personal knowledge and has no control over the records, the question before the Court is merely whether his responses complied with the rule. *See generally Odom*, 337 F.R.D. at 353 ("[The

6

Case 3:23-cv-00076-DCP   Document 53   Filed 07/30/24   Page 6 of 9   PageID #: 386

defendant] states in his answers that he made a reasonable inquiry and that there is no readily obtainable information sufficient to enable him to admit or deny the request. This satisfies the technical requirements of Rule 36. . . . If, as [p]laintiff contends, [the defendant] has not made a reasonable inquiry, [the plaintiff's] remedy is to seek sanctions under Rule 37(c).").[1] And here, they do not.

Defendant requests that the Court deem the RFAs to be admitted. The Court may order that the matter be admitted or that an amended answer be served. Fed. R. Civ. P. 36(a)(6). In an exercise of its discretion, the Court **DIRECTS** Plaintiff to amend his responses to RFA Nos. 1–4, and 6 within **fourteen (14) days** of this Order.

With respect to Plaintiff's RFA No. 5, Defendant argues that Plaintiff denied it, but in RFA No. 7, he "admitted by his signature that his signature certified that the information contained in Exhibit A concerning his past and present health was accurate and complete" [Doc. 47 p. 7]. Plaintiff argues that RFA No. 5 is improper, but regardless, he specifically denied it and that he "cannot admit that the information contained in Dr. Ziad's records are correct since they involve

---

[1] Courts have explained that "'[w]hat constitutes "reasonable inquiry" and what material is "readily obtainable" is a relative matter that depends upon the facts of each case.'" *Stephenson v. Fam. Sols. of Ohio, Inc.*, No. 1:18CV2017, 2021 WL 681403, at *3 n.2 (N.D. Ohio Feb. 22, 2021) (quoting *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997)). This generally means that "'a reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding's control.'" *Id*. (quoting *Piskura v. Taser Int'l*, No. 1:10-CV-248, 2011 WL 6130814, at *11 (S.D. Ohio Nov. 7, 2011), *report and recommendation adopte*d, No. C-1-10-248, 2011 WL 6122756 (S.D. Ohio Dec. 8, 2011)). And some courts have noted that "'an answering party must conduct a reasonable inquiry and answer a [request to admit] if the information is readily obtainable, even though the answering party has no personal knowledge of the facts." *Little Hocking Water Ass'n, Inc. v. E.I. Du Pont de Nemours & Co.*, No. 2:09-CV-1081, 2013 WL 1791083, at *2 (S.D. Ohio Apr. 26, 2013) (quoting *Drutis v. Rand McNally & Co.,* 236 F.R.D. 325, 331 (E.D. Ky.2006)); *Bouchard*, 241 F.R.D. at 76–77 (finding that the plaintiff was "required to ascertain the truth" of certain records, including medical records, because he "has personal knowledge of the events documented in these records or he has the legal authority to obtain confirmation as to their authenticity genuineness and completeness" (citation omitted)).

facts that are in material dispute" [Doc. 50 p. 6]. It appears to the Court that Defendant's objection is more to the substance of Plaintiff's response and not whether it complies with Rule 36. *See Schmalz, Inc. v. Better Vacuum Cups, Inc.*, No. 16-10040, 2017 WL 3301326, at *2 (E.D. Mich. July 14, 2017) ) ("[T]he great weight of authority indicates that Courts are not in the business of determining the accuracy of denials of requests for admission."). The Court therefore declines to deem Plaintiff's response to RFA No. 5 to be admitted.

Defendant also seeks attorney's fees. "Rule 37(c)(2) operates as an enforcement mechanism for Rule 36[.]" *Stephenson v. Fam. Sols. of Ohio, Inc.*, No. 1:18CV2017, 2021 WL 681403, at *4 (N.D. Ohio Feb. 22, 2021). Rule 37(c)(2) states:

> **(2) Failure to Admit**. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2)(A)–(D).

The Court declines to order attorney's fees under these particular circumstances considering that Defendant did not completely succeed on her motion and in light of Plaintiff's defense that he could not respond to the RFAs because he lacks personal knowledge. *See* Fed. R. Civ. P. 37(c)(2)(C)–(D).

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Deem Requests for Admissions as Admitted [**Doc. 47**].

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge