UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARWAN GELAN, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 3:23-CV-76-DCP |
| | ) | |
| ALYSSA MIRANDA, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 21].

Now before the Court is Defendant's Motion In Limine to Prohibit Testimony or Evidence Concerning Bodily Injury and Damages for Failure to Schedule and Complete Medical Expert Depositions in Compliance with Court's Scheduling Order ("Motion in Limine") [Doc. 51].[1] Plaintiff responded in opposition [Doc. 52], and Defendant filed a reply [Doc. 55]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **DENIES** the motion [**Doc. 51**]. The Court, however, will enter a protective order prohibiting the deposition of Joseph J. Hoegler, M.D., currently set for August 26, 2024.

I.     **BACKGROUND**

According to the allegations in the Complaint, on July 17, 2022, "Defendant was traveling [e]astbound in the right-hand lane of I-40E" when her vehicle struck Plaintiff who "was lawfully standing next to a stationary vehicle on the shoulder of the roadway" [Doc. 1 ¶¶ 6–7]. Plaintiff

---

[1]     While Defendant is also the Counter-Plaintiff, for ease of reference, the Court will refer to Alyssa Miranda as "Defendant" and Marwan Gelan as "Plaintiff."

alleges that he "sustained severe bodily injuries, pain and suffering damages, economic loss, and mental anguish" [*Id*. ¶ 9]. He avers that Defendant was negligent [*Id*. ¶¶ 10–11]. Defendant filed a Counterclaim for the damage to her vehicle, alleging:

> [Plaintiff] was negligent in that he was standing or walking in the right lane of the interstate roadway in the dark and failed to provide any warning or notice of his presence or the presence of his vehicle, failed to keep a proper lookout ahead, failed to exercise reasonable care for his safety, failed to yield the right of way, and failed to take any precautions to avoid a collision with a motor vehicle lawfully traveling in its lane of traffic all of which the [Plaintiff] is liable as a matter of law.

[Doc. 24 ¶ 6].

On May 10, 2023, the Court entered a Scheduling Order [Doc. 23]. The Court set the deadline for Plaintiff to submit his expert disclosures on March 12, 2024, the discovery deadline for May 21, 2024, and the dispositive motion deadline for July 2, 2024 [*Id*. at 1–2].

On March 12, 2024, Plaintiff made the following disclosures:

1. Physicians and other medical staff from University of Tennessee Medical Center - Emergency Room, 1924 Alcoa Highway, Knoxville, TN 37920, including but not limited to: Dr. Meher Riffat Chaudhry, MD, Dr. Douglas K Warner, MD, Santiago H Matsumura, RN, Cali J Brasseur, RN, Dr. Michael J. Kern, MD, Dr. Robert Coleman, MD, Rowena S. Sunico, NP, Dr. Igor Tkachenko, MD.

2. Clinicians and other medical staff at Henry Ford Health System, Fairlane Emergency Med - 19401 Hubbard Dr, Dearborn, MI 48126, including but not limited to Joseph Hoegler, MD.

3. Dr. Jiab Suleiman, DO, PC, Premier Orthopedics, 17000 Executive Plaza Dr, Ste 101, Dearborn, MI 48126.

4. Clinicians and other medical staff at Signature Rehabilitation, 7750 Schaefer Rd, Suite 201, Dearborn, MI, 48126.

5. The Rawlings Company, for Michigan Department of Health and Human Services - Meridian Medicaid, PO Box 2000, LaGrange, KY 40031.

6. Clinician and other medical staff of Spine Specialists of Michigan, P.C., 32270 Telegraph Rd., Ste. 110, Bingham Farms, MI 48025, including but not limited to Dr. Louis Radden, Dr. Gary Gilyard, Dr. Christopher Koziara, Dr. David Lemos, and Dr. Syed Tajuddin.

[Doc. 51-1 pp. 2–3].

Pursuant to Rule 16(f) and Rule 37(b)(2)(A)(ii) of the Federal Rules of Civil Procedure, Defendant seeks:

> [A]n [o]rder dismissing the [P]laintiff's action or otherwise, prohibiting the Plaintiff and his legal counsel from referring to or introducing testimony or evidence, concerning any purported bodily injuries and damages that Plaintiff alleges are causally related to a motor vehicle/pedestrian accident of July 17, 2022, for failure of Plaintiff to comply with the Court's Scheduling Order [Doc. 23] and failure to schedule and complete any medical expert depositions in preparation for trial in compliance with the Court's Scheduling Order [Doc. 23] discovery deadline of May 21, 2024.

[Doc. 51 p. 1].

For grounds, Defendant asserts that "Plaintiff did not undertake any effort to schedule or complete any medical expert depositions, in preparation for trial prior to the Scheduling Order deadline of May 21, 2024" [*Id*. at 3 (emphasis omitted)].[2] As a result, Defendant contends, "Plaintiff has not secured any competent medical testimony to establish a causal relationship between the accident and the [P]laintiff and [his] alleged injury and damages" [*Id*.]. Further, Defendant states that "[t]he failure of the [P]laintiff to timely schedule and complete medical depositions in lieu of in-person court appearance interferes with the Defendant's ability to comply

---

[2] Defendant notes that Plaintiff's expert disclosures "did not include any information concerning the purported experts' respective qualifications or competency to offer an expert opinion" [Doc. 51 p. 3]. But she does not seek sanctions for purportedly not providing a complete report.

3

with the Court's *Daubert* [m]otion deadline" [*Id*. at 3–4]. Defendant asserts that Plaintiff must have expert medical evidence to establish his case [*Id*. at 4]. Because Plaintiff did not comply with the Scheduling Order, Defendant asserts that he cannot use medical evidence to support his claims [*Id*. at 4–5 (citation omitted)]. She concludes by asking the "Court for entry of an [O]rder prohibiting the Plaintiff from referring to or otherwise introducing testimony or other evidence, concerning the Plaintiff's purported bodily injuries and damages" [*Id*. at 5].

Plaintiff responds in opposition to the motion, stating that he identified his expert witnesses in his initial disclosures [Doc. 52 p. 2 (citation omitted)]. According to Plaintiff, Rule 26(b)(4)(A) does not state "that the party identifying the expert" must "depose that expert" [*Id*. at 3]. Plaintiff therefore argues that "Defendant had the opportunity to depose Plaintiff's experts during the discovery phase of this matter but chose to forego [sic] that option" [*Id*.]. Plaintiff agrees that he must have expert medical proof, but he states that his "[i]nitial [d]isclosures were timely" and that he "complied with Rule 26 by adequately describing the facts and opinions to which the treating physicians would testify and Defendant was not precluded from deposing the witnesses" [*Id*.]. In addition, Plaintiff asserts that "any deposition of [his] medical experts would be trial depositions for the purpose of preserving expert testimony for trial" [*Id*. at 4]. These depositions, Plaintiff argues, are not subject to the discovery deadline [*Id*. at 4–6].

Defendant filed a reply, arguing that "[t]he Sixth Circuit has held that the Federal Rules of Civil Procedure do not allow for trial depositions" [Doc. 55 p. 2 (citation omitted)]. She adds that Plaintiff provided a Notice of Taking the *De Bene Esse* Deposition of Dr. Joseph J. Hoegler, M.D, ("Notice"), which sets a deposition for August 26, 2024, in Detroit, Michigan [*Id*. at 2; Doc. 55-1]. Defendant seeks a protective order quashing the deposition, arguing that Plaintiff has failed to establish good cause for amending the discovery deadline [Doc. 55 pp. 1, 3–4].

4

Case 3:23-cv-00076-DCP   Document 57   Filed 08/22/24   Page 4 of 9   PageID #: 454

## II. ANALYSIS

After considering the parties' positions, the Court finds that Defendant has not established any bases for her requested sanctions. The Court, however, will enter a protective order prohibiting Dr. Hoegler's deposition for the reasons explained below.

### A. Defendant's Motion in Limine

As an initial matter, the Court notes that Defendant filed a Motion in Limine seeking dismissal of Plaintiff's case [Doc. 51 p. 1]. A motion in limine is not the proper vehicle to dismiss a case. "Rather, the 'purpose of *in limine* motions is to enable the Court to rule on disputes over the admissibility of discrete items of evidence.'" *Funk v. Belneftekhim*, No. 14-CV-0376, 2019 WL 3035124, at *4 (E.D.N.Y. July 11, 2019) (quoting *TVT Records v. Island Def Jam Music Grp.*, 250 F. Supp. 2d 341, 344 (S.D.N.Y. 2003)). Further, "[p]arties may also use motions *in limine* 'to narrow the issues, shorten the trial, and save costs for the litigants,' but not – as defendants attempt to do here – as a substitute for a dispositive motion." *Id.* (quoting *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 517 F. Supp. 2d 662, 667 n.18 (S.D.N.Y. 2007)); *see also Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 274 (E.D. Mich. 2009) ("[M]otions in limine are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions disguised as motions in limine." (alteration in original) (quoting *Nomo Agroindustrial SA DECV v. Enza Zaden N. Am. Inc.,* No. CV–05–351, 2007 WL 1077023, at *1))). Courts have found that "[t]he denial of a motion in limine is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case." *Dunn ex rel. Albery*, 264 F.R.D. at 275 (citing *United States v. Karamuzis,* No. 02–c8707, 2004 WL 2203413, *4 (N.D. Ill. Sept. 30, 2004)).

Defendant's motion seeks sanctions, including dismissal, for Plaintiff not taking his medical experts' depositions. She adds in her motion that Plaintiff is required to have medical evidence to support causation in order to prove his case. To the extent she seeks dismissal of Plaintiff's claim for his purported lack of medical evidence to establish it, the Court finds a motion in limine is not the appropriate vehicle and that it was filed beyond the dispositive motion deadline [*See* Doc. 23 p. 3 ("The Court may summarily deny untimely dispositive motions.")].

Even so, the Court has considered the merits of Defendant's request. Specifically, Defendant seeks dismissal of Plaintiff's case or an order "prohibiting [him] and his legal counsel from referring or introducing testimony or evidence" [Doc. 51 p. 1]. Defendant relies on Rule 37(b)(2)(A), but this rule pertains to violations of a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A). Defendant has not identified any discovery order that Plaintiff violated. Instead, Defendant argues that Plaintiff violated the Scheduling Order [Doc. 23] by not conducting the experts' depositions before the discovery deadline. But the undersigned is not aware of any authority that a party may be sanctioned for not taking discovery. That is his choice. And while that choice may have other implications, *see infra* pp. 7–9, it is not grounds for any sanctions, including dismissal.

Defendant states that Plaintiff's failure to take depositions interfered with her ability to file *Daubert* motions. Defendant has not sufficiently explained this argument given that Plaintiff submitted his expert disclosures. Further, the burden is on Plaintiff to establish that his experts meet the requirements of Rule 702 of the Federal Rules of Evidence. *Ilnytskyy v. Equipnet, Inc.*, 627 F. Supp. 3d 818, 824 (E.D. Mich. 2022) ("[T]he party offering the expert has the burden of proving admissibility of the expert's opinion[.]" (citation omitted)). Finally, while Defendant argues that Plaintiff has no medical proof establishing his claim, it is not clear to the Court, to the

extent the expert witnesses are beyond the subpoena power, whether Plaintiff's experts will voluntarily appear at trial. The Court therefore finds Defendant's request not well taken.

B. **Defendant's Motion for Protective Order**

In the alternative, Defendant "moves for a [p]rotective [o]rder to quash the deposition of Dr. Joseph J. Hoegler," which Plaintiff set for August 26, 2024, in Detroit, Michigan [Doc. 55 p. 1]. For grounds, Defendant states that the discovery deadline expired and "the Sixth Circuit has held that the Federal Rules of Civil Procedure do not allow for trial depositions" [Doc. 55 p. 2 (citing *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552 (6th Cir. 2015)].[3]

Plaintiff did not respond to the request, but in his response to Defendant's Motion in Limine, he argues that "any deposition of [his] treaters would be to preserve their trial testimony and not to discover information" [Doc. 52 p. 6]. He therefore concludes that "depositions of [his] treaters are outside of the discovery provisions set forth in the Honorable's Scheduling Order" [*Id*.].

The Court acknowledges that "[c]ourts have often struggled with the procedural differences between a 'discovery deposition' and a 'trial deposition.'" *Stinson v. Protective Ins. Co.*, No. 521CV00206, 2023 WL 2465770, at *1 (E.D. Ky. Mar. 3, 2023); *see also Snyder v. Fleetwood RV, Inc.*, No. 2:13-CV-1019, 2017 WL 11634749, at *2 (S.D. Ohio Feb. 13, 2017) ("It has not

---

[3] Defendant states that in *Hill*, the Sixth Circuit found that the "trial court properly denied [the] trial deposition after it had quashed [the] the trial subpoena for the same witness" [Doc. 55 p. 2 (citation omitted)]. In that case, the plaintiff appealed the district court's decision denying his request to compel defendant's Rule 30(b)(6) witness to attend trial. *Hill*, 799 F.3d at 552. The Sixth Circuit affirmed the decision, noting that the district court quashed the subpoena to the Rule 30(b)(b) witness because it did not comply with Rule 45 and that the plaintiff's efforts to take a trial deposition "one full business day before trial . . . would allow 'an end-run around the failed subpoenas'" *Id*. at 553 (citation omitted)]. The Court concluded, "The district court was right to deny [the plaintiff's] unusual request—made after his subpoena failed—to take a 'deposition' on new topics at trial. The Rules don't allow for it." *Id*. Given the unusual circumstances of *Hill*, it is not clear to the undersigned that it necessarily precludes trial depositions.

7

Case 3:23-cv-00076-DCP   Document 57   Filed 08/22/24   Page 7 of 9   PageID #: 457

proven difficult to find numerous decisions addressing the issue of whether the Federal Rules of Civil Procedure recognize (or permit courts to recognize) a distinction between 'trial depositions' and 'discovery depositions.'"). But here, the Scheduling Order states, "The parties shall complete all discovery, including expert depositions, by May 21, 2024" [Doc. 23 p. 3 (emphasis omitted)]. The Court's Scheduling Order is dispositive of this issue rendering Plaintiff's Notice untimely.

Defendant states that Plaintiff must show good cause to modify the Court's Scheduling Order [Doc. 55 pp. 3–5]. Some "courts have more often construed requests for trial depositions as a request to modify a court's scheduling order under Rule 16." *Stinson*, 2023 WL 2465770, at *1 (citations omitted). In determining whether to modify the Scheduling Order, the Court must consider a number of factors. *See id.* (explaining the factors courts should consider). But because Plaintiff has not sought leave to proceed with the Notice, has not requested an extension of the discovery deadline, or addressed the appropriate factors, the Court need not address this issue.

Based on the above, the Court **GRANTS** Defendant's request for a protective order, and it will prohibit the deposition of Dr. Hoegler from proceeding. *See Hood v. City of Memphis Publc Works Div.*, No. 2:17-CV-2869, 2021 WL 6751871, at *2 (W.D. Tenn. Mar. 1, 2021) (explaining that for purposes of a protective order, "[a]n example of . . . good cause and specific harm is when the deadline for the discovery sought has passed" (citation omitted)); s*ee Elvis Presley Enters., Inc. v. City of Memphis*, No. 2:18-CV-02718, 2020 WL 4015476, at *12–13 (W.D. Tenn. July 16, 2020) (affirming the magistrate judge's entry of a protective prohibiting document production because the written discovery deadline had passed).

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion In Limine to Prohibit Testimony or Evidence Concerning Bodily Injury and Damages for Failure to Schedule and

Complete Medical Expert Depositions in Compliance with Court's Scheduling Order [**Doc. 51**]. The Court hereby **ENTERS** a protective order prohibiting the deposition of Dr. Hoegler that is set for August 26, 2024.

    **IT IS SO ORDERED.**

                                  ENTER:

                                  Debra C. Poplin
                                  United States Magistrate Judge