UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARWAN GELAN, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| v. ) | No. 3:23-CV-76-DCP |
| ) | |
| ALYSSA MIRANDA, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties for all further proceedings, including entry of judgment [Doc. 21].

Now before the Court is Plaintiff's Motion for Leave to Conduct *De Bene Esse* Depositions [Doc. 63].[1] Defendant filed a response in opposition [Doc. 68]. Plaintiff did not reply, and the time to do so has expired. *See* E.D. Tenn. L.R. 7.1(a). The motion is now ripe for adjudication. *See id.* For the reasons set forth below, the Court **DENIES** the motion [**Doc. 63**].

**I.     BACKGROUND**

According to the Complaint, on July 17, 2022, "Defendant was traveling [e]astbound in the right-hand lane of I-40E" when her vehicle struck Plaintiff, who "was lawfully standing next to a stationary vehicle on the shoulder of the roadway" [Doc. 1 ¶¶ 6–7]. Plaintiff alleges that he "sustained severe bodily injuries [and] pain" and "suffer[ed] damages, economic loss, and mental

---

[1] Plaintiff is also the Counter-Defendant. For ease of reference, the Court will refer to Marwan Gelan as "Plaintiff" and Alyssa Miranda as "Defendant."

anguish" [*Id.* ¶ 9]. He claims that Defendant was negligent [*Id.* ¶¶ 10–11]. Defendant filed a Counterclaim for the damage to her vehicle, alleging that Plaintiff was negligent [Doc. 24 ¶ 6].

On May 10, 2023, the Court entered a Scheduling Order requiring the parties to "complete all discovery, including expert depositions, by May 21, 2024" [Doc. 23 p. 2]. On May 25, 2023, Plaintiff served Initial Disclosures on Defendant [Doc. 68-1]. Relevantly, Plaintiff disclosed the following individuals among those likely to have discoverable information that he may use to support his claims:

> Nayeleh Ali, 5814 Mead St, Dearborn MI 48126.
>
> Any and all Knoxville Police Department employees/officers including but not limited to Officer Trevor Orr (Badge #2266).
>
> Physicians and other medical staff from University of Tennessee Medical Center - Emergency Room, 1924 Alcoa Highway, Knoxville, TN 37920, including but not limited to: Dr. Meher Riffat Chaudhry, MD, Dr. Douglas K Warner, MD, Santiago H Matsumura, RN, Cali J Brasseur, RN, Dr. Michael J. Kern, MD, Dr. Robert Coleman, MD, Rowena S. Sunico, NP, Dr. Igor Tkachenko, MD.
>
> Clinicians and other medical staff at Henry Ford Health System, Fairlane Emergency Med - 19401 Hubbard Dr, Dearborn, MI 48126, including but not limited to Joseph Hoegler, MD.
>
> Dr. Jiab Suleiman, DO, PC, 17000 Executive Plaza Dr, Ste 101, Dearborn, MI 48126.

[*Id.* at 1–3].

Pursuant to Rule 32 of the Federal Rules of Civil Procedure, Plaintiff requests "an Order allowing Plaintiff to use *de bene esse* depositions of his witnesses in lieu of trial testimony" [Doc. 63 p. 8]. He seeks to depose three of his medical providers and four other witnesses:

> Dr. Douglas K. Warner, M.D., University of Tennessee Medical Center, 1924 Alcoa Highway, Knoxville, TN 37920;
>
> Dr. Jiab H. Suleiman, D.O., Premier Orthopedics, 17000 Executive Plaza Dr., Suite 101, Dearborn, MI 48126;

Dr. Joseph Hoegler, M.D., Henry Ford Health, 2799 W. Grand Blvd., Detroit, MI 48202-2608; . . .

Police officer who responded to the scene of the accident: Officer Trevor Orr, Knoxville Police Department, 1650 Huron St., Knoxville, TN 37917, due to his work schedule;

Yasser Gelan, due to living in Michigan, beyond the subpoena power of this Court;

Mohsen Gelan, due to living in Michigan, beyond the subpoena power of this Court; [and]

Nayeleh Ali, due to living in Michigan, beyond the subpoena power of this Court.

[*Id.* at 2–3].

He argues that good cause exists to conduct these depositions "because it would be unduly burdensome and costly to have the witnesses appear live at trial" and that allowing these depositions would not disadvantage Defendant "since she can participate either remotely or in person" [*Id.* at 3]. Regarding Drs. Warner, Suleiman, and Hoegler,[2] Plaintiff states that their "busy patient practices severely limit their availability to provide live testimony at the time of trial" [*Id.* at 6]. He adds that Officer Orr's "schedule as a police officer also limits his availability" [*Id.*]. Plaintiff states that Drs. Suleiman and Hoegler, Yasser and Mohsen Gelan, and Ms. Ali are more than 100 miles from the place of the trial [*Id.* at 6–7]. Finally, Plaintiff submits that Defendant can cross examine the witnesses and the depositions would be videotaped to present to the jury, which "will be substantially the same as live testimony" [*Id.* at 7]. Plaintiff also argues that good cause exists for him to conduct the *de bene esse* depositions under Rule 45 of the Federal Rules of Civil

---

[2] Plaintiff previously attempted to depose Dr. Hoegler after the close of discovery. The Court explained that the deadline in the Scheduling Order, which applies to expert depositions, rendered his notice untimely and Plaintiff had not requested that the Court extend the deadline [Doc. 57]. The Court thus granted a protective order prohibiting Plaintiff from deposing Dr. Hoegler [*Id.*].

Procedure, as requiring his treating physicians to change their schedules to appear live at trial would unduly burden them and none of the witnesses, besides Officer Orr, can be compelled to appear at trial [*Id.* at 7–8].

Defendant responds that Plaintiff has not demonstrated that good cause exists to modify the Scheduling Order under Rules 16 and 32 of the Federal Rules of Civil Procedure [Doc. 68 p. 6]. She avers that Plaintiff has not provided evidence that he diligently pursued discovery depositions while he "has known for well over a year" that the witnesses he seeks leave to depose "would be crucial to his ability to prove his case" [*Id.*]. Defendant contends that Plaintiff "knew or should have known" that some of the witnesses reside outside the Court's subpoena powers or may have scheduling difficulties [*Id.* at 7–8].

Further, Defendant argues that Plaintiff has not demonstrated that Drs. Warner, Suleiman, and Hoegler, as well as Officer Orr, are unavailable under Rule 32 [*Id.* at 7]. She states that because "Plaintiff has known the geographical location of witnesses since the beginning of this lawsuit . . . it is not an unforeseen circumstance that they refuse to come to trial in Knoxville and cannot be compelled to do so by this Court's subpoena power" [*Id.*]. Finally, Defendant argues that Plaintiff has not demonstrated that good cause exists to conduct the *de bene esse* depositions under Rule 45 and "therefore cannot circumvent the passing of the [discovery] deadline by subpoenaing non-party witnesses for *de bene esse* depositions" [*Id.* at 8].

## II. ANALYSIS

"[D]*e bene esse* depositions are 'provisional examination[s] of a witness whose testimony is important and might otherwise be lost, for use at trial in case the witness is unable to attend in person at the time or cannot be produced.'" *In re Nat'l Prescription Opiate Litig.*, No. 21-3041, 2021 WL 3777638, at *2 (6th Cir. Jan. 12, 2021) (quoting *Weist v. E.I. DuPont De Nemouts & Co.*,

4
Case 3:23-cv-00076-DCP    Document 75    Filed 12/05/24    Page 4 of 8    PageID #: 768

No. 5-CV-0534, 2009 WL 10681127, at *1 (W.D.N.Y. Aug. 27, 2009)). Some courts distinguish between *de bene esse* depositions and "discovery depositions" and hold that the close of discovery does not prohibit a party from taking a deposition for use at trial. *E.g.*, *Pianko v. Gen. R.V. Ctr., Inc.*, No. 20-13371, 2022 WL 2674189, at *2 (E.D. Mich. July 11, 2022). Yet other courts "construe[] requests for *de bene esse* depositions as a request to modify a court's scheduling order under Rule 16," given that the Federal Rules of Civil Procedure do not distinguish between types of depositions. *Stinson v. Protective Ins. Co.*, No. 521CV00206, 2023 WL 2465770, at *1 (E.D. Ky. Mar. 3, 2023).

Under both lines of reasoning, courts have recognized the need for *de bene esse* depositions in some circumstances and the risk that a party may abuse them in "post-discovery shenanigans." *Stinson*, 2023 WL 2465770, at *1 (applying the discovery deadline to a request for *de bene esse* depositions while recognizing that such depositions are not prohibited); *Snyder v. Fleetwood RV, Inc.*, No. 2:13-CV-1019, 2017 WL 11634749, at *3 (S.D. Ohio Feb. 13, 2017) (identifying a practical difference between the types of depositions but acknowledging "the trap of allowing a party to take any deposition it wanted after discovery closed just by attaching the appropriate label to that deposition"). In *Snyder*, the court resolved this tension by asking whether the party proposing the depositions had presented evidence to support that it was taking the deposition for trial rather than discovery purposes. 2017 WL 11634749, at *4. Similarly, in *Stinson*, the court reasoned that to allow *de bene esse* depositions, "there must be some evidence that the parties were diligently pursuing discovery and only learned, after the close of discovery, of a witness's unavailability." 2023 WL 2465770, at *2; *see also Haydar v. Amazon Corp., LLC*, No. 2:16-CV-13662, 2019 WL 3892405, at *2 (E.D. Mich. Aug. 19, 2019) (denying leave to take *de bene esse* depositions where the defendant did not explain its failure to question a witness who lived outside

the court's subpoena power when the plaintiff deposed her during discovery). Indeed, in the August 22, 2024 Order, the undersigned indicated that it would consider allowing depositions upon a showing of good cause to modify the Scheduling Order [Doc. 57 p. 8]. The Court will therefore consider whether Plaintiff has established good cause to modify the Scheduling Order under Rule 16 or presented evidence to demonstrate that he seeks to depose these witnesses for trial purposes, not as part of discovery.

Five overlapping factors are relevant to whether good cause exists to modify a schedule: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Smigelski v. Cluley*, No. 23-3322, 2023 WL 11074139, at *6 (6th Cir. Dec. 26, 2023) (quoting *Bentkowski v. Scene Mag.*, 637 F.3d 689, 696 (6th Cir. 2011)). The principal inquiry within these overlapping factors is whether the moving party was diligent in pursuing discovery. *Bentkowski*, 637 F.3d at 696 (citing *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)).

As an initial matter, Plaintiff does not offer any evidence that he was diligent in pursuing depositions. *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003) (requiring moving party to demonstrate good cause by showing that despite their diligence, they could not meet the original deadline); *First Tech. Cap., Inc. v. BancTec, Inc.*, No. 5:16-CV-138, 2017 WL 2735516, at *3 (E.D. Ky. June 26, 2017) (noting that the burden to establish good cause "inarguably is on the movant"). Nevertheless, the Court has considered the above factors and finds that they weigh against Plaintiff's request. First, Plaintiff has known since at least May 25, 2023, when he provided initial disclosures to Defendant, that four of the six witnesses would have busy schedules or be beyond

the Court's subpoena power [Doc. 68-1].  *See Coblin v. DePuy Orthopaedics, Inc.*, No. 322CV00075, 2023 WL 6469441, at *2 (E.D. Ky. Oct. 4, 2023) ("[T]he operative question is when [Plaintiff] discover[ed] that a trial deposition . . . was necessary.").  He identified Drs. Warner, Suleiman, Officer Orr, and Ms. Ali in his initial disclosures and included either their occupation and place of employment or their place of residence [Doc. 68-1 pp. 1–3].  *See Singh v. Vanderbilt Univ. Med. Ctr.*, No. 3:17-CV-004, 2021 WL 2869201, at *5 (M.D. Tenn. July 8, 2021) (finding that the plaintiff had not demonstrated good cause where he "was well aware" that witnesses resided in or worked outside the court's subpoena power); *Haydar*, 2019 WL 3892405, at *2 (denying leave for party to depose witness who "always posed the risk of being an 'unavailable' non-party witness"); *Day v. Outback Steakhouse of Florida, LLC*, No. 5:20-cv-506, 2022 WL 1812250, at *2 (E.D. Ky. June 2, 2022) (explaining that the plaintiff knew or should have known of expert's unavailability much earlier).  For the remaining two witnesses, Yasser and Mohsen Gelan, Plaintiff produces no evidence of when he learned that they would be unavailable, explaining only that they live in Michigan [Doc. 63 pp. 6–7].  *Cf. Coblin*, 2023 WL 6469441, at *2 (finding that the plaintiff demonstrated good cause where he learned that his treating physician received a recent promotion at work that rendered him unavailable).

Turning to the second and third factors, Plaintiff does not address the role of these witnesses, but Defendant describes that they "would be crucial to [Plaintiff's] ability to prove his case . . ." [Doc. 68 p. 6].  Yet Plaintiff did not depose them during the discovery period, which was nearly a year long.  *See Day*, 2022 WL 1812250, at *2 (noting that parties had eleven months for discovery).

Fourth, Plaintiff did not file the instant motion until fifteen months after he knew of their busy schedules and residences beyond the Court's subpoena power.  *Compare id.* (finding that

party acted in dilatory manner by waiting seven weeks after realizing witness could not appear at trial to seek leave to conduct deposition), *with Coblin*, 2023 WL 6469441, at *2 (finding that party did not act in dilatory manner by acting quickly upon discovering that witness became unavailable). Lastly, Plaintiff does not argue that Defendant was not responsive to prior discovery requests.

In summary, Plaintiff has failed to show that he was "diligent in pursuing discovery," which is the overarching inquiry in considering good cause to amend the Scheduling Order. *Dowling*, 593 F.3d at 478. Further, Plaintiff has failed to provide any evidence to support that this is a circumstance that might warrant *de bene esse* depositions. There is no evidence that after the close of discovery, Plaintiff learned that these witnesses were met with circumstances that would prevent them from physically appearing to testify at trial. *See, e.g.*, *Haydar*, 2019 WL 3892405, at *2 (describing circumstances in which *de bene esse* depositions may be appropriate); *Marmelshtein v. City of Southfield*, No. 07-CV-15063, 2010 WL 4226667, at *3 (E.D. Mich. Oct. 21, 2010) (permitting *de bene esse* deposition of seventy-five-year-old witness with failing health). Indeed, Plaintiff did not take any depositions in this case, other than that of Defendant [Doc. 68 p. 2]. The Court therefore finds Plaintiff's request not well taken.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Leave to Conduct De Bene Esse Depositions [**Doc. 63**].

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge