UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARWAN GELAN, | ) | |
|     Plaintiff/Counter-Defendant, | ) ) ) | |
| v. | ) ) | No. 3:23-CV-76-DCP |
| ALYSSA MIRANDA, | ) ) ) | |
|     Defendant/Counter-Plaintiff. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties for all further proceedings, including entry of judgment [Doc. 21].

Now before the Court is Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Prior Lawsuit [Doc. 65].[1] Defendant responded in opposition to this motion [Doc. 69], and Plaintiff did not file a reply. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, the Court **DENIES** the motion [**Doc. 65**].

**I.  BACKGROUND**

According to the Complaint, on July 17, 2022, "Defendant was traveling [e]astbound in the right-hand lane of I-40E" when her vehicle struck Plaintiff, who "was lawfully standing next to a stationary vehicle on the shoulder of the roadway" [Doc. 1 ¶¶ 6–7]. Plaintiff alleges he "sustained severe bodily injuries, pain and suffering damages, economic loss, and mental anguish"

---

[1] Plaintiff is also the Counter-Defendant. For ease of reference, the Court will refer to Marwan Gelan as "Plaintiff" and Alyssa Miranda as "Defendant."

[*Id.* ¶ 9]. He claims that Defendant was negligent [*Id.* ¶¶ 10–11]. Defendant filed a Counterclaim for the damage her vehicle sustained, alleging that:

> [Plaintiff] was negligent in that he was standing or walking in the right lane of the interstate roadway in the dark and failed to provide any warning or notice of his presence or the presence of his vehicle, failed to keep a proper lookout ahead, failed to exercise reasonable care for his safety, failed to yield the right of way, and failed to take any precautions to avoid a collision with a motor vehicle lawfully traveling in its lane of traffic all of which [Plaintiff[ is liable as a matter of law.

[Doc. 24 ¶ 6].

On September 29, 2023, Defendant deposed Plaintiff, who testified that he had not been a party to other lawsuits [Doc. 69 pp. 19–20]. On August 29, 2024, Defendant filed a Final Exhibit List indicating that she will introduce at trial the complaint from *Marwan Saeed-Kassem Gelan v. Mamoun Saleh-Mohammed Nusair*, filed in Wayne County Circuit Court [Doc. 59 ¶ 13].

Plaintiff seeks an order precluding Defendant from introducing any evidence of this prior lawsuit [Doc. 65 p. 4]. He explains that he was injured in a previous motor-vehicle accident and sued his insurance company and another driver [*Id.* ¶ 2]. Plaintiff argues that under Federal Rules of Evidence 402 and 403, the Court should exclude testimony about and evidence of the suit, which is irrelevant, would be more prejudicial than probative, and would confuse the jury [*Id.* ¶¶ 3–5].

Defendant responds in opposition, citing Rule 608(b) of the Federal Rules of Evidence to argue that the suit has "extraordinary probative value for untruthfulness" [Doc. 69 pp. 11–12].[2]

## II.     ANALYSIS

A motion in limine asks "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce*

---

[2]     Defendant discusses the relevance of Plaintiff's medical records [Doc. 69 *passim*]. These records are not presently at issue, as Plaintiff moves only to exclude the previous lawsuit [Doc. 65]. The Court does not weigh on the admissibility of any of the medical records discussed by Defendant.

*v. United States*, 469 U.S. 38, 40 n.2 (1984)). The goal of such a motion is "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.3d 1064, 1069 (3d Cir. 1990)). A court "has authority to exclude evidence only when it is 'clearly inadmissible on all potential grounds.'" *Doe #1 ex rel. Lee v. Sevier Cnty.*, No. 3:17-CV-41, 2017 WL 1089185, *2 (E.D. Tenn. Mar. 20, 2017) (quoting *Contract Mgmt., Inc. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:10-CV-110, 2012 WL 2529214, at *1 (E.D. Tenn. June 29, 2012)). The moving party bears the burden of meeting "this high standard." *Id.* (citing *Smith v. Highland Park Ruritan Club*, No. 3:06-CV-351, 2008 WL 2669107, at *3 (E.D. Tenn. June 27, 2008)).

"The Federal Rules of Evidence govern diversity cases," like this one, "except where the state rule of evidence is substantive in nature." *Leap v. Malone*, 106 F.3d 401, 1996 WL 742306, at *3 (6th Cir. Dec. 23, 1996) (table opinion) (citations omitted). To be admissible, evidence must be relevant, that is, have any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401, 402. This standard is "extremely liberal." *Frye v. CSX Transp., Inc.*, 933 F.3d 591, 599 (6th Cir. 2019) (citation omitted). However, even relevant evidence may be excluded when its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

Generally, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citation omitted). If the court denies the motion in limine, this "does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id.* Instead, it "means that without the context of a trial, the court is unable to determine whether the evidence in question should be excluded." *Id.*

Here, Defendant seeks to admit evidence of a prior lawsuit to impeach Plaintiff because he had previously denied that he had not been a party to any other lawsuits [Doc. 69 pp. 12, 20]. Under Rule 608(b), on cross-examination, a party may attack the credibility of a witness by introducing specific instances of the witness's conduct that is probative of the witness's character for truthfulness or untruthfulness. Fed. R. Evid. 608(b). The party may not, however, use extrinsic evidence to prove that conduct. *Id.*

Given Plaintiff's misrepresentation about the prior lawsuit, the matter of the lawsuit may be probative of his character for truthfulness under Rule 608. *Cf. Potvin v. City of Westland Police Dep't*, No. 05-CV-70291, 2007 WL 1975045, at *2 (E.D. Mich. July 2, 2007) (concluding that prior lawsuit was not probative of character for truthfulness where defendant could not recall— but did not deny—being subject to another lawsuit). Accordingly, Plaintiff has not established that this evidence is clearly inadmissible on all potential grounds.. *See White v. Hamilton Cnty. Gov't*, No. 1:19-CV-305, 2024 WL 4800356, at *6 (E.D. Tenn. July 22, 2024) (finding that under Rule 608, a party could discuss but not introduce extrinsic evidence to prove a prior investigation to challenge credibility of expert witness).[3]

Evidence that survives Rule 608 "is still subject to the balancing test of Rule 403." *Potvin*, 2007 WL 1975045, at *2 (citing *Gale v. City of Tecumseh*, 156 F. App'x 801, 808 n.2 (6th Cir. 2005)); *Jordan v. Krystal Co.*, No. 1:09-CV-142, 2010 WL 4025866, at *4 (E.D. Tenn. Oct. 12, 2010) ("Rule 608 is subject to the 'overriding protection of Rule 403.'" (quoting Fed. R. Evid. 608(b) advisory committee's note (1972))). Plaintiff does not articulate how evidence of this

---

[3] Generally, Rule 608 does not allow the party to introduce the extrinsic evidence. *See* Fed. R. Evid. 608(b)(2). The parties, however, have not addressed whether there are circumstances that would allow the party to introduce extrinsic evidence. The Court therefore issues no opinion in this regard.

lawsuit would be unfairly prejudicial or confuse the jury.[4] Given that, the Court finds that Plaintiff has not shown that his prior litigation is clearly inadmissible on all potential grounds.

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Prior Lawsuit [**Doc. 65**].

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

---

[4] To support his argument that the prior lawsuit has no probative value and would only prejudice the trier of fact, Plaintiff cites a number of cases that do not address whether a party may introduce evidence of prior litigation to attack credibility under Rule 608 [Doc. 65 p. 3 (citing *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582 (6th Cir. 2009); *Haynes v. Coughlin*, 79 F.3d 285 (2d Cir. 1996); *Soller v. Moore*, 84 F.3d 964 (7th Cir. 1996); *Lanham v. Whitfield*, 805 F.2d 970, 972 (11th Cir. 1986))]. To the extent Plaintiff files a future motion in limine on this issue, for which the deadline is March 28, 2025 [Doc. 74], the Court expects him to sufficiently address the prejudicial effect, if any.