UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARWAN GELAN, | ) |
|     Plaintiff/Counter-Defendant, | ) ) ) |
| v. | )   No. 3:23-CV-76-DCP |
| ALYSSA MIRANDA, | ) ) ) |
|     Defendant/Counter-Plaintiff. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 21].

Now before the Court is Defendant's Motion in Limine–Plaintiff's Violation of Collateral Source Rule [Doc. 89]. The parties appeared before the Court on April 15, 2025, for a final pretrial conference. Attorney Jordan Vahdat appeared on behalf of Plaintiff.[1] Attorney Terrill Adkins appeared on behalf of Defendant. For the reasons explained below, the Court **GRANTS** Defendant's motion [**Doc. 89**].

**I.    ANALYSIS**

A motion in limine asks "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). The goal of such a motion is "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.3d 1064, 1069 (3d Cir. 1990)). A court "has authority to exclude

---

[1]    Plaintiff is also the Counter-Defendant [*See* Doc. 24]. For ease of reference, the Court will refer to Marwan Gelan as "Plaintiff" and Alyssa Miranda as "Defendant."

evidence only when it is 'clearly inadmissible on all potential grounds.'" *Doe #1 ex rel. Lee v. Sevier Cnty.*, No. 3:17-CV-41, 2017 WL 1089185, *2 (E.D. Tenn. Mar. 20, 2017) (quoting *Contract Mgmt., Inc. v. Babcock & Wilcox Tech. Servs. Y-12*, LLC, No. 3:10-CV-110, 2012 WL 2529214, at *1 (E.D. Tenn. June 29, 2012)). The moving party bears the burden of meeting "this high standard." *Id*. (citing *Smith v. Highland Park Ruritan Club*, No. 3:06-CV-351, 2008 WL 2669107, at *3 (E.D. Tenn. June 27, 2008)).

"The Federal Rules of Evidence govern diversity cases," like this one, "except where the state rule of evidence is substantive in nature." *Leap v. Malone*, 106 F.3d 401, 1996 WL 742306, at *3 (6th Cir. Dec. 23, 1996) (table opinion) (citations omitted). To be admissible, evidence must be relevant, that is, have any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401, 402. This standard is "extremely liberal." *Frye v. CSX Transp., Inc.*, 933 F.3d 591, 599 (6th Cir. 2019) (citation omitted). However, even relevant evidence may be excluded when its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

Generally, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citation omitted). If the court denies the motion in limine, this "does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id*. Instead, it "means that without the context of a trial, the court is unable to determine whether the evidence in question should be excluded." *Id*.

In the instant matter, Defendant seeks to exclude "Plaintiff and his legal counsel from referring to or otherwise introducing evidence concerning a purported healthcare expense subrogation lien identified by [P]laintiff in his [p]retrial [d]isclosure" [Doc. 89 p. 1]. According to Defendant, Plaintiff identified the "[M]edical lien documents from Rawlings Company, LLC"

2

Case 3:23-cv-00076-DCP    Document 104    Filed 04/15/25    Page 2 of 4    PageID #: 950

and "Rawlings Company Lien: $677.64" (hereinafter, "Rawlings Lien") [*Id*.]. Defendant argues that the introduction of the Rawlings Lien would violate the collateral source rule, Plaintiff has not satisfied the evidentiary requirements under Rules 803(6) and 902(11) of the Federal Rules of Evidence, and Plaintiff did not comply with Tennessee Code Annotated § 24-7-122(c) [*Id*. at 1, 3–5].

Plaintiff responds that "under the Tennessee collateral source rule, defendant may not offer evidence that a medical bill was paid by an insurance company to reduce the total amount of plaintiff's claimed medical bills" [Doc. 100 p. 7]. Here, Plaintiff states, he is using the Rawlings Lien to show the total amount of his medical bills [*Id*.].

During the pretrial conference, Defendant argued that she had only received a copy of the partial lien, which is different than the one referenced in Plaintiff's response. But regardless, Defendant maintained that Plaintiff has not complied with Rules 803(6) and 902(11). In addition, Defendant asserted that the introduction of the Rawlings Lien would violate the best evidence rule.

Plaintiff responded that he is not certain whether he will introduce the Rawlings Lien at trial. He argued that Defendant would not be prejudiced if he introduced the Rawlings Lien, especially if he only used it as a demonstrative exhibit. He clarified that the Rawlings Lien contains the itemization of medical bills from Dr. Suleiman and the Henry Ford Medical Center, his medical providers in Michigan.

The Court finds the motion well taken. Plaintiff has not satisfied the evidentiary requirements under Rules 803(6) and 902(11), and he acknowledged at the hearing that he does not have a certificate from a custodian to establish the admissibility of the Rawlings Lien into evidence. The Court further finds that the introduction of the Rawlings Lien into evidence would violate Rule 1002, which states, "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002.

3

Plaintiff stated at the pretrial conference that he would like to show the jury the amount billed. But as Defendant explained, the Rawlings Lien contains the healthcare providers' reports of the medical bills to the insurance company, which the insurance company paid, and then it communicated that information to the Rawlings Company. As such, it is inadmissible. *See* Fed. R. Evid. 1002.

Plaintiff also stated that he may just use the Rawlings Lien as a demonstrative exhibit. But this is inconsistent with his stated purpose for using the Rawlings Lien at trial—that is, to show the jury the amounts Dr. Suleiman and the Henry Ford Medical Center billed for medical services. *See Botey v. Green*, No. 3:12-CV-1520, 2018 WL 5985694, at *11 (M.D. Pa. Nov. 14, 2018) (explaining that demonstrative exhibits are used to "clarify, color, or 'organize or aid the jury's examination of testimony or documents which are themselves admitted into evidence' to persuade the jury to see the evidence in a certain light favorable to the advocate's client" (quoting *United States v. Bray*, 139 F.3d 1104, 1111–12 (6th Cir. 1998))), *aff'd,* 782 F. App'x 158 (3d Cir. 2019).

## II. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion in Limine—Plaintiff's Violation of Collateral Source Rule [**Doc. 89**]. Specifically, the Court **EXCLUDES** Plaintiff and his legal counsel from referring to or otherwise introducing evidence concerning medical lien documents from the Rawlings Company, LLC and the Rawlings Company Lien.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge