UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARWAN GELAN,                            )
                                         )
    Plaintiff/Counter-Defendant,         )
                                         )
v.                                       )    No. 3:23-CV-76-DCP
                                         )
ALYSSA MIRANDA,                          )
                                         )
    Defendant/Counter-Plaintiff.         )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 21].

Now before the Court is Defendant's Motion in Limine—Plaintiff's Claim for Loss of Earning Capacity, Past, Present, and Future [Doc. 90]. The parties appeared before the Court on April 15, 2025, for a final pretrial conference. Attorney Jordan Vahdat appeared on behalf of Plaintiff.[1] Attorney Terrill Adkins appeared on behalf of Defendant. For the reasons explained below, the Court **GRANTS** Defendant's motion [**Doc. 90**].

**I.    BACKGROUND**

On February 27, 2023, Plaintiff filed the Complaint [Doc. 1]. He alleges that on July 17, 2022, he sustained damages "as a result of a pedestrian vs. motor vehicle accident" [*Id*. ¶ 3]. Plaintiff states that he was standing next to a stationary vehicle near the interstate, when

---

[1] Plaintiff is also the Counter-Defendant [*See* Doc. 24]. For ease of reference, the Court will refer to Marwan Gelan as "Plaintiff" and Alyssa Miranda as "Defendant."

Defendant's passenger side mirror struck him [*Id*. ¶ 7]. Relevant to the instant matter, Plaintiff alleges that he is entitled to damages for "loss of earning capacity" and "lost wages" [*Id*. ¶ 15].

Later, on May 25, 2023, Plaintiff provided his initial disclosures [Doc. 90-1]. In his initial disclosures, he identified "wage loss" as part of his damages but not "loss of earning capacity" [*Id*. at 3]. He did not provide a computation for "wage loss" [*See id*.].

On the same day, May 25, 2023, Plaintiff responded to Defendant's Interrogatories [Doc. 90-2]. In relevant part, Interrogatory Nos. 8 and 9, sought information about Plaintiff's employment, lost wages, and lost earning capacity [*Id*. at 5–6]. Specifically, they stated and Plaintiff responded, as follows:

> 8. If you were employed on the day of the accident alleged in your Complaint, state the name of your employer, the name and address of your immediate supervisor, the dates and duration of your employment, the title of your position, your job duties, and whether you were engaged on a mission for your employer at the time of the accident described in your Complaint.
>
> ANSWER: Plaintiff was employed at: MCA Express, LLC 5518 Neckel St., Dearborn, MI 48126-3205, as a Truck Driver. Plaintiff cannot operate a truck due to his accident-related injuries.
>
> 9. If you claim that you missed any time from work, lost any wages, or sustained any impairment to your earning capacity as a result of the injuries you claim you sustained in the accident alleged in the Complaint, provide the name, address, and phone number of each of your employers for the past fifteen (15) years, state the total amount of time and the specific days or portions of a day that you missed, the date you returned to work, your average weekly wage or hourly wage at the time of the accident alleged in your Complaint, and state in a monetary amount, the total amount of wages lost in the past and the total amount you claim your income will be impaired in the future.
>
> ANSWER. Plaintiff recalls being employed at: MCA, Truck Driver, Period of employment is from July 2020 till July

2022. IMA (Integrated Manufacturing & Assembly), 6501 Nevada Ave., Detroit, MI 48234, as a Lift Operator, Period of Employment: 2013–2018.

[*Id*. (emphasis omitted)].

On September 23, 2023, Defendant took Plaintiff's deposition [Doc. 100-1]. He testified that he had not been employed since the accident [*Id*. at 27]. He claimed that he could not work due to his injury, but he was trying to find a part-time job [*Id*. at 28]. Plaintiff testified that as part of his damages from this lawsuit, he was seeking "lost wages" and "lost income from work" [*Id*. at 30]. Defendant asked how much Plaintiff made per week or per month at the time of the accident [*Id*.]. Plaintiff responded, "I don't have a fixed salary, okay. It depends if I, you know, go for driving. This is like—it's different" [*Id*.]. He confirmed that his pay is different from week to week and month to month and that he does not remember the average amount of money he earned in 2021 [*Id*. at 32]. The parties then discussed Plaintiff's tax returns from 2017 to 2022 [*Id*.]. When asked why there was a difference between his pay in 2021 and 2022, Plaintiff testified because he does not "work all the time[,]" explaining that sometimes there is no work and "sometimes [he] take[s] a vacation for a month or two weeks or a week" [*Id*.].

On March 7, 2025, Plaintiff filed his pretrial disclosures, which states that he intends to seek damages for "[w]age [l]oss as determined through testimony and tax records" [Doc. 84 p. 3].

Defendant now moves "the Court to exclude any reference to or introduction of testimony and evidence of Plaintiff's alleged claim for loss of wages or loss of earning capacity as required by Fed. R. Civ. P. 37(c)" [Doc. 90 p. 12].[2] For grounds, Defendant argues that Plaintiff did not provide a computation in accordance with Rule 26(a)(1) [*id*. at 3–6], did not respond to

---

[2] During the pretrial conference, Plaintiff represented that he is withdrawing his claim for loss of earning capacity. Given that, the Court will only summarize the parties' positions on Plaintiff's claim for lost wages.

3

interrogatories [*id*. at 6–9], and failed to supplement the initial disclosures and responses to interrogatories in accordance with Rule 26(e) [*Id*. at 9–10]. Given that, Defendant argues that exclusion of any evidence of Plaintiff's lost wages is required under Rule 37(c) [*Id*. at 10–12].

Plaintiff responds that he testified about his lost earnings and that he provided Defendant with a copy of his tax returns [Doc. 100 p. 7 (citation omitted)]. In addition, Plaintiff submits that "[he] provided disclosures, as well as answers to discovery regarding [his] wage loss and earning capacity" [*Id*.]. He also "provided medical records[,] which included disability slips, and he "provided authorization for employment records and copies of employment records" [*Id*. (citations omitted)].

## II. ANALYSIS

As an initial matter, during the pretrial conference, Plaintiff represented that he was withdrawing his claim for loss of earning capacity. Considering his representation, the Court **GRANTS** Defendant's motion to the extent it seeks exclusion of evidence about Plaintiff's loss of earning capacity. The Court will now turn to Plaintiff's claim for lost wages.

Defendant argued that her counsel sent Plaintiff a letter asking for a computation. She stated that despite that letter, and the requirement to supplement discovery disclosures and responses, Plaintiff never provided a computation. Defendant asserted that during Plaintiff's deposition, he could not remember the average amount he made per week in 2021.

Plaintiff responded that he provided his tax records from 2021 to 2022 and that "they are simple tax records." He argued that the calculation will be easy to determine after Plaintiff's testimony and a review of the tax records. Plaintiff stated that it is plausible that his testimony will provide information about the days he missed. He acknowledged, however, that he does not presently have a computation for lost wages.

Rule 26 of the Federal Rules of Civil Procedure requires a party to provide the opposing party "a computation of each category of damages claimed" as well as "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 366–67 (6th Cir. 2010) (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii)). "The documentation and evidence required by Rule 26 must be sufficient to allow the opposing party to 'independently analyze' the claim." *Champion Foodservice, LLC v. Vista Food Exch., Inc.*, No. 1:13-CV-1195, 2016 WL 4468000, at *5 (N.D. Ohio Aug. 23, 2016) (citing *Bessemer*, 596 F.3d at 370). Rule 33 also directs parties to answer each interrogatory to the extent there are no objections. *See* Fed. R. Civ. P. 33(b)(3). And Rule 26(e) places an ongoing duty on parties to supplement disclosures and discovery. Fed. R. Civ. P. 26(e).

Should a party fail to provide information as required under Rule 26(a) or (e), the party is not allowed to use that information at trial unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c). Courts have explained, "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a); that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Hunt v. Hadden*, 127 F. Supp. 3d 780, 789 (E.D. Mich. 2015) (quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)), *aff'd*, 665 F. App'x 435 (6th Cir. 2016). The burden is on the potentially sanctioned party to prove harmlessness or substantial justification. *Id.* (citing *Roberts ex rel. Johnson*, 325 F.3d at 782).

The Sixth Circuit has identified five factors to consider when assessing whether a party's omitted or late disclosure is "substantially justified" or "harmless" as follows: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the

5

surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe v. City of Akron*, 801 F.3d 718, 747–48 (6th Cir. 2015) (quoting *Russell v. Abs. Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)). "District courts have broad discretion in applying these factors and need not apply each one rigidly. The factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *Bentley v. Highlands Hosp. Corp.*, No. CV 15-97, 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016)).

It is undisputed that Plaintiff did not provide a computation in accordance with Rule 26(a)(1), nor did he fully respond to Interrogatory No. 9, which seeks his lost wages. Plaintiff does not specifically assert that his failure to provide complete initial disclosures or fully respond to interrogatories is harmless or substantially justified. He argues, however, that he provided his tax records, and coupled with his testimony, that will support any calculation. But there are issues with Plaintiff's position. First, during Plaintiff's deposition, he could not recall how much he made per week or month at the time the accident happened [Doc. 100-1 p. 30]. And when the parties began discussing his tax records, he testified that sometimes there is no work, and at other times, he takes vacations for a month, two weeks, or one week [*Id.*]. More importantly, the Court inquired at the pretrial conference whether he was presently able to provide a computation, and he acknowledged that he could not do so. Instead, Plaintiff essentially asserted that Defendant should wait and see what happens at trial. But this approach, which is akin to a "trial by ambush[,]" is what "the Federal Rules were designed to prevent." *Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987); *see also Yost v. Wilhoit*, No. 2:18-CV-138, 2021 WL 5407722, at *4 (E.D.

6

Tenn. Nov. 18, 2021) ("[P]retrial discovery is supposed to make 'a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" (quoting *U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 682, (1958)).

The trial starts in approximately two weeks. Defendant has no time to cure the surprise, nor could she given that Plaintiff does not have a computation. And while this evidence is important, *MV Louisville, LLC v. Frankenmuth Mut. Ins. Co.*, No. 3:20-CV-506, 2022 WL 3362280, at *9 (W.D. Ky. Aug. 15, 2022) ("[C]ourts tend to find that the more important the evidence, the more this factor favors the [non-moving party]" (citing cases finding the same)). Plaintiff has not provided a sufficient explanation for why he chose not to disclose this information. *See Yost*, 2021 WL 5407722, at *4 ("Defendant is prejudiced by [the plaintiff's] non-disclosure [of his lost wages] because on the eve of trial, it is still not clear the specific amount of damages [he] seeks for his lost wage claim, and there is no supporting documentation showing his lost wages."); *Detrick v. 84 Lumber Co.*, No. 1:06CV2732, 2008 WL 11381819, at *7 (N.D. Ohio Jan. 25, 2008) (excluding evidence of damages because the plaintiff failed to provide a computation or calculation and that it was "virtually impossible" to determine how the plaintiff arrived at the figure that was provided in a rough estimate), *on reconsideration in part*, No. 1:06CV2732, 2008 WL 11381821 (N.D. Ohio Mar. 31, 2008).

The Court has carefully considered the task at the heart of Rule 37(c)(1). And here, the Court finds that Plaintiff's omission was not harmless or substantially justified such that exclusion is appropriate.

7

## III. CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendant's Motion in Limine—Plaintiff's claim for Loss of Earning Capacity, Past, Present, and Future [**Doc. 90**]. Specifically, the Court hereby **EXCLUDES** evidence of Plaintiff's claim for lost wages or loss of earning capacity.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge